IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' UNION LOCAL #441 HEALTH and WELFARE FUND and ROBERT GORAM, ROBERT PAYNE, STANLEY SMALL, JAMES GEIGER, SR., JOSEPH VALLEE, and LARRY PIRKLE, in their official capacities as trustees of the Plan, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNATANK CORPORATION, INC., <br><br> Defendant. | CIVIL ACTION O. 05-00228-G-B |

## CONSENT JUDGMENT

THIS MATTER having been opened to the court by Gardner, Middlebrooks, Gibbons & Kittrell, P.C., attorneys for plaintiffs, Sheet Metal Workers' Union Local #441 Health and Welfare Fund ("Welfare Plan"), Robert Goram, Robert Payne, Stanley Small, James Geiger, Sr., Joseph Vallee, and Larry Pirkle in their official capacities; Sheet Metal Workers' Union Local 441 Supplemental Pension Plan ("Pension Plan"), Robert Goram, Robert Payne, James Geiger, Sr., and Joseph Vallee in their official capacities; Sheet Metal Workers Local #441 Joint Apprenticeship and Training Fund ("JATC Plan"), Robert Goram, Robert Payne, James Geiger, Sr., and Joseph Vallee in their official capacities; and Sheet Metal Workers International Association, Local #441 ("Local #441) (collectively, the "plaintiffs"), and against the defendant, Unatank Corporation, Inc. (hereinafter "Unatank") in the amount of $49,114.29, and with the consent of defendant Unatank, and on notice to its counsel Burton S. Weston, Esq. of Garfunkel,

Wild and Travis, P.C.; and the parties having consented to the terms and entry of this order pursuant to a Settlement Agreement; and good cause having been shown;

The court finds and concludes as follows:

1. The parties signed a Settlement Agreement resolving the above captioned matter in which Unatank acknowledged it is indebted to plaintiffs in the amount of Twenty Four Thousand 00/100 Dollars ($24,000.00), for unpaid contributions owing to plaintiffs.

2. The Settlement Agreement provides that in the event that Unatank defaults in its obligations under the Settlement Agreement and such default remains uncured as specified in the Settlement Agreement, Unatank acknowledges that as of the effective date of any such uncured default, plaintiffs are entitled to proceed with filing of the within Consent Judgment, signed by Unatank simultaneously with the Settlement Agreement, against Unatank and in favor of the plaintiffs, for the full amount sought in the complaint, giving credit for any amounts paid pursuant to the Settlement Agreement, and that Unatank would also be responsible for taxed costs and reasonable attorneys' fees; and

3. As separately certified by plaintiffs in the affidavit of Kimberly Calametti Walker in support of the Joint Motion for Entry of Consent Judgment, Unatank has defaulted under the terms of the Settlement Agreement; and therefor,

It is hereby **ORDERED, ADJUDGED, and DECREED** that:

**JUDGMENT** be and is hereby entered in favor of the plaintiffs, in the amount of **Fifty Three Thousand Seven Hundred Ninety Three and 13/100 Dollars ($53,793.13),** said sum representing Unatank's obligation to pay the following contributions, liquidated damages, interest and attorney fees to the Plans and dues remittance to Local #441, less any portion of the Settlement Sum previously paid and received by plaintiffs:

| | |
|---|---|
| WELFARE PLAN: | $31,167.41 |
| PENSION PLAN: | $ 4,811.01 |
| JATC PLAN: | $ 2,714.14 |
| LOCAL #441: | $ 5,421.73 |
| ATTORNEY FEES: | $ 9,678.84 |

Said judgment shall bear interest at the rate of six percent (6 %) per annum from the date of the entry of judgment.

DONE this the 10th day of April, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE