**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHEET METAL WORKERS' UNION** | * | |
| **LOCAL #441 HEALTH and WELFARE** | * | |
| **FUND and ROBERT GORAM and ROBERT** | * | |
| **PAYNE, STANLEY SMALL, JAMES** | * | |
| **GEIGER, SR., JOSEPH VALLEE, and** | * | |
| **LARRY PIRKLE, in their official** | * | |
| **capacities as trustees of the Plan, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **CIVIL ACTION NUMBER:** |
| **v.** | * | **CV - 2005-00228-G-B** |
| | * | |
| | * | |
| **UNATANK CORPORATION, INC.,** | * | |
| | * | |
| **Defendant.** | | |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT

Plaintiffs, Sheet Metal Workers Union Local 441 Health and Welfare Fund and

Robert Goram, Robert Payne, Stanley Small, James Geiger, Sr., Joseph Vallee, and Larry Pirkle,

in their official capacities as Trustees of the Plan (hereinafter "the Plan"), respectfully move this

Honorable Court to find the Defendant, Unatank Corporation, Inc. (hereinafter "Unatank") and

its President, Alan B. Dinow, to be in contempt of court for failure to comply with this Court's

Judgment of April 10, 2006 and Order of November 29, 2006.  As grounds therefore, the Plan

shows the Court the following:

### I.  INTRODUCTION

1.      On April 10, 2006, Honorable Callie Granade, Chief United States District Judge,

found that Defendant Unatank had defaulted under the terms of the Settlement Agreement

1

entered into with the Plan, and entered a Judgment in favor of Plaintiffs in the amount of Fifty Three Thousand Seven Hundred Ninety Three and 13/100 Dollars ($53,793.13), less any portion of the Settlement Sum previously paid and received by Plaintiffs, with said judgment to bear interest at the rate of six percent (6%) per annum from the date of entry of judgment.

2.      On June 1, 2006, Plaintiffs served Defendant Unatank with Plaintiffs' Discovery in Aid of Execution of Judgment.  To date, Defendant Unatank has failed to reply to said written discovery or correspondence from Plaintiffs' counsel.  Plaintiffs have filed a Motion to Compel Defendant Unatank to respond to discovery propounded in this matter.

3.      In an Order dated October 2, 2006, the Court directed Unatank to file a response to Plaintiffs' pending Motion to Compel Discovery and granted attorneys Burton S. Weston and Afsheen A. Shah's Motion to Withdraw as Counsel of Record on behalf of Unatank, with leave until November 2, 2006, to obtain new counsel.  To date, Unatank and Alan B. Dinow have failed to file a response to Plaintiffs' pending Motion to Compel and no one has entered an appearance as counsel of record on behalf of Unatank.

4.      In an Order dated November 29, 2006, the Court ordered, by December 11, 2006, for Unatank to show cause why it has failed to comply with the Court's Order of October 2, 2006.  To date, Plaintiffs have received no notice that Unatank has obtained counsel or that Unatank or Alan B. Dinow have responded to the Court's Orders.

5.      Notice of the Court's Show Cause Order dated November 29, 2006 states that said notice was delivered to Unatank via Alan B. Dinow, President, at Reelan Industries, 623 Stewart Avenue, Suite 201, Garden City, New York 11530.

## II.  LEGAL ARGUMENT AND ANALYSIS

### A.  The Court's Power of Contempt

When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court.  *Electrical Workers Pension Trust Fund of Local Union #58, IBEW, et al. v. Gary's Electrical Service Company*, 340 F.3d 373, 378 (6th Cir. 2003); *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).  The judiciary's use of the contempt power "has been uniformly held to be necessary to the protection of the court from insults and oppression while in the ordinary exercise of its duty, and to enable it to enforce its judgments and orders necessary to the due administration of law and the protection of the rights of citizens." *Kennedy v. Ala. State Bd. of Educ.*, 78 F. Supp. 2d 1246, 1256 (M.D. Ala. 2000) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)).  Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner. *Cincinnati Bronze, Inc.*, 829 F.2d at 590.  With respect to civil contempt proceedings, "judicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947).  Indeed, the case law is replete with instances wherein appellate or district courts have ordered compensatory relief as part of their contempt authority. *Kennedy v. Ala. State Bd. of Educ.*, 78 F. Supp. 2d at 1257.

### B.  Standard of Proof for Contempt

In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that "[the contemnor] violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of

3

the court's order." *Cincinnati Bronze, Inc.*, 829 F.2d at 591. Once the movant establishes his

prima facie case, the burden shifts to the contemnor who may defend by coming forward with

evidence showing that he is presently unable to comply with the court's order. *United States v.*

*Rylander*, 460 U.S. 752, 757 (1983).

The Plan carries the initial burden to show contempt and must present clear and

convincing evidence showing that Unatank and its President, Alan B. Dinow, violated a definite

and specific order of the court with knowledge of the court's order. In order to hold a person in

contempt, the Court must determine whether there is clear and convincing evidence that (1) the

allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous,

and (3) the alleged violator had the ability to comply with the order. *SEC v. Michael Lauer*, 2006

U.S. Dist. LEXIS 65383 (S.D. Fla. 2006); *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir.

2000). In the Order dated April 10, 2006, this Court found that Unatank had defaulted under the

terms of the Settlement Agreement and the Court entered a valid and lawful judgment which

clearly and unambiguously states the amount of the judgment owed to Plaintiffs. [Ex. 1]. This

Order was entered by the Court on the Joint Motion for Consent Judgment signed by Alan B.

Dinow on behalf of Unatank. [Ex. 2]. In the Order dated October 2, 2006, this Court issued a

valid and lawful order, which clearly and unambiguously allowed Unatank until November 2,

2006, to obtain new counsel and ordered Unatank to respond to Plaintiffs' pending Motion to

Compel. [Ex. 3]. In the Order dated November 29, 2006, this Court made a valid and lawful

ruling which clearly and unambiguously ordered Unatank to show cause why it has failed to

comply with the Court's October 2, 2006 Order. [Ex. 4]. Unatank has been provided notice of

each and every action of the Court in this matter either through its former attorneys or its

corporate officer, Alan B. Dinow. To date, neither Unatank nor Alan B. Dinow have responded

to this Court's Orders. Thus, the burden of proof is shifted to Unatank and Alan B. Dinow to

provide a defense as to inability to comply.

4

**C.  Corporate Officers Can Be Held In Contempt**

Considering this burden and the fact that Unatank is a corporation with no attorney of record, the Plan must show that those individuals officially responsible for the affairs of the corporation have violated the court's order with knowledge of the court's order.  This raises the issue of whether a court's order directed to a corporation ever could reach out to bind a non-litigant, such as a corporate officer.  The answer has been established many decades ago by the U.S. Supreme Court.  In *Wilson v. United States*, 221 U.S. 361 (1911), a case where a corporate officer failed to comply with a subpoena duces tecum and was held in contempt, the Supreme Court stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs.  If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt.

*Wilson v. United States*, 221 U.S. 361, 376 (1911).

In a more recent decision, the Sixth Circuit dealt with the issue of holding a corporate president in contempt when an injunction was directed solely to the corporation.  *See United States v. Hochschild*, 977 F.2d 208 (6th Cir. 1992).  In *Hochschild*, the defendant corporate officer argued that he was not bound by the terms of the injunction directed to his corporation because the court lacked jurisdiction over him as he was not a named party.  *Hochschild*, 977 F.2d at 212.  Ultimately, the Appellate Court sided with the majority view, allowing personal jurisdiction for contempt over officers or corporate employees if they have notice of the injunction and its contents, and concluding that the injunction applied to the nonparty officer in his corporate capacity.  *Id*.  Although the Judgment and the Orders of this Court have only referred to Defendant Unatank, and Alan B. Dinow is not a named party, this fact is not controlling.  *See Wilson v. United States*, 221 U.S. at 376.  Because Alan B. Dinow either

5

prevented compliance or failed to take appropriate action within his power for the performance of the corporate duty, this Court has authority to hold Unatank and Alan B. Dinow in contempt. *See Electrical Workers Pension Trust Fund of Local Union #58, IBEW, et al. v. Gary's Electrical Service Company*, 340 F.3d 373, 382 (6th Cir. 2003).

## D.  Defense of Inability to Pay

The Plan has shown that Unatank did not pay the amount ordered in the Judgment of this Court and that Unatank and Alan B. Dinow have failed to comply with this Court's Orders or to defend or respond to said Orders.  At this point, the burden shifts to Unatank and Alan B. Dinow to show why they could not comply with this Court's Orders.  The Eleventh Circuit has stated that in order to succeed on the inability to comply defense, the alleged contemnor "must go beyond a mere assertion of inability," and establish that he has made "in good faith all reasonable efforts" to meet the terms of the court order he is seeking to avoid.  *NLRB v. Triple A Fire Protection, Inc.*, 2003 U.S. Dist. LEXIS 24566, 174 LRRM (BNA) 2128 (S.D. Ala. 2003) (quoting *United States v. Hayes*, 772 F.2d 723, 725 (11th Cir. 1984) and *United States v. Roberts*, 858 F. 2d 698, 701 (11th Cir. 1988)).  Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action.  *NLRB v. Triple A Fire Protection, Inc.*, 2003 U.S. Dist. LEXIS 24566 at 10.  However, the Court has construed the inability to comply burden strictly, stating that "[e]ven if the efforts . . . were 'substantial,' 'diligent' or 'in good faith,' . . . the fact that he did not make 'all reasonable efforts' establishes that [respondent] did not sufficiently rebut the . . . prima facie showing of contempt. The . . . use of a 'some effort' standard for measuring the strength of [the] defense [would be] an abuse of discretion.  *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986) (quoting *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984)).  To date, Unatank and Alan B. Dinow have failed to respond to this Court's Orders and failed to present any defense for their failure to do so.  The burden has shifted to Unatank and Alan B. Dinow to show the Court they

made all reasonable efforts to comply with this Court's Orders.

**E.  Contempt Is an Acceptable and Proper Form of Relief**

Unatank and Alan B. Dinow have failed to pay a monetary Judgment and failed to comply with the Orders of this Court, making the sanction of civil contempt the proper remedy to coerce compliance with the Court's orders and to compensate the Plan.  In *Gary's Electrical Service Company*, 340 F.3d at 378, the Plaintiff Pension Funds initiated contempt proceedings against the Defendant Gary's Electric and its owner, Russell Pipia ("Pipia"), alleging that they continually violated the terms of an arbitration award by failing to file past-due reports and pay past-due contributions.  The Court in *Gary's Electric* held that the sanction of civil contempt may include a fine designated to compensate the Funds not only for the money Pipia squandered but also for the money Pipia diverted from the Funds and paid to other creditors.  *Gary's Electrical Service Company*, 340 F.3d at 385.  *See generally United Mine Workers*, 330 U.S. at 303-04 (noting that judicial sanctions may be used to compensate a complainant for losses and that they "must of course be based upon evidence of [the] complainant's actual loss").

Like the defendants in *Gary's Electric*, Unatank and Alan B. Dinow may argue that contempt is not the proper relief for failure to pay a monetary judgment, and that only garnishment, attachment, and execution are available as collection remedies.  However, as the Court in *Gary's Electric* explained, because the contempt proceeding is brought to compensate the Funds for losses based on the Defendants' failure to comply with the Court's Order and not as a medium for collecting the underlying judgment, it is not a collection action but a compensatory tool which expressly permits the use of monetary sanctions in this manner.  *Gary's Electrical Service Company*, 340 F.3d at 385.  The Court stated that Gary's Electric's position was also refuted by an analysis of the Supreme Court's decision in *NLRB v. Deena Artware, Inc.*, 361 U.S. 398 (1960), noting that although that case did not specifically address the question of contempt proceedings to enforce a money judgment, the concurrence in the Supreme Court's

7

opinion reveals that contempt proceedings are used to enforce orders for back pay. *Deena Artware, Inc.*, 361 U.S. at 412-14.  The Court in *Gary's Electric* found no material distinction between finding contempt for failure to comply with an order to provide employees back pay and for failure to comply with an order to make past-due fringe benefit contributions, concluding that *Deena Artware* provides additional support for a determination that contempt was an appropriate sanction in the case. *Gary's Electrical Service Company*, 340 F.3d at 385.

In the case at hand, Unatank and Alan B. Dinow not only failed to comply with a monetary Judgment, but also failed to comply with this Court's Orders, respond to the Court's Orders, or provide any defense as to why they did not do so.  The Plan is not requesting that Alan B. Dinow be liable for Unatank's delinquent contributions or the monetary Judgment, but rather that Unatank and Alan B. Dinow be held in contempt and that this Court fashion an appropriate sanction.  Thus, if this Court determines that Alan B. Dinow, as the corporate officer for Unatank, was in contempt of court, the Court could determine that a proper sanction for such contempt would be to fine Unatank and Alan B. Dinow.  Piercing the corporate veil is unnecessary because the Plan is not attempting to hold Alan B. Dinow liable for Unatank's corporate debts.  *Gary's Electrical Service Company*, 340 F.3d at 386.  The Plan requests only that Alan B. Dinow be held accountable for his own deliberate disobedience of this Court's Orders.  The union fund is also entitled to further development of the record concerning the dissipation of the corporation's assets and an express finding from the Court that the corporation has satisfied its burden on an inability to comply defense.  *Gary's Electrical Service Company*, 340 F.3d at 381; *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505-06 (8th Cir. 2000).

## CONCLUSION

Defendant Unatank defaulted under the terms of the Settlement Agreement entered into with the Plan, and this Court entered a Judgment in the amount of Fifty Three Thousand Seven

Hundred Ninety Three and 13/100 Dollars ($53,793.13), plus interest.  Unatank and Alan B. Dinow have failed to comply with said Judgment and have continually failed to comply with this Court's Orders.  Unatank and Alan B. Dinow now bear the burden of showing this Court why they have failed to comply and of proving their inability to comply.  The Plan respectfully requests that this Honorable Court sanction Unatank and Alan B. Dinow for their failure to comply, respond, or defend, by holding Unatank and Alan B. Dinow in contempt of court and imposing a fine to coerce compliance and compensate the Plan.

WHEREFORE, based on the foregoing, the Plan respectfully moves this Honorable Court to grant its Motion for Contempt and find Unatank and Alan B. Dinow in contempt of court, imposing a monetary fine in the amount of the judgment against Unatank.

Respectfully submitted,


  s/ Allison Kahalley   
Kimberly Calametti Walker [CALAK4410]
Allison Kahalley [KAHAA8124]



OF COUNSEL

THE GARDNER FIRM
1119 Government Street
Mobile, Alabama 36604
(251) 433-8100
(251) 433-8181 (fax)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this __5<u>th</u>__ day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certified that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Unatank Corporation, Inc.
c/o Mr. Alan B. Dinow
623 Stewart Avenue, Suite 201
Garden City, New York 11530

_s/ Allison Kahalley_
Allison Kahalley

10

11