```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

**SHEET METAL WORKERS LOCAL 441,**    \*
**HEALTH & WELFARE FUND,** *et al.,*  \*
                                      \*
    **Plaintiffs,**            \*
                                      \*
**vs.**                               \*   **Civil Action No. 05-00228-CG-B**
                                      \*
**UNATANK CORPORATION, INC.,**        \*
                                      \*
    **Defendant.**             \*

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiffs' Motion for Contempt. (Doc. 56). Based upon a review of the motion, and the case file, the undersigned recommends that Plaintiffs' Motion for Contempt be GRANTED with respect to Unatank Corporation, Inc., and be DENIED with respect to Alan B. Dinow.

On April 10, 2006, this Court entered a consent judgment in favor of Plaintiffs based on an agreement reached between Plaintiffs and Defendant Unatank Corporation, Inc. (hereinafter "Unatank"). (Doc. 44). Plaintiffs served post-judgment discovery on Unatank on June 1, 2006. (Doc. 45). A couple of months later, on September 8, 2006, Plaintiffs filed a motion seeking to compel Unatank to respond to the post-judgment discovery. (Doc. 46). The Court directed Unatank to file a response to Plaintiffs' motion by October 12, 2006. (Doc. 52). Subsequent thereto, counsel for Unatank, Burton S. Weston, of the law firm of Garfunkel, Wild & Travis, P.C., filed a motion seeking permission to withdraw as

counsel for Unatank. (Doc. 51).  In his motion, Mr. Weston stated that he was seeking to withdraw because Unatank had failed to tender payment for legal services pursuant to their retainer agreement, and had further failed to respond to Mr. Weston's communications. As noted, the Court issued an Order directing Unatank to respond to the motion to compel by October 12, 2006. Additionally, Mr. Weston was directed to submit documentation that Unatank had been served with a copy of the motion to withdraw. (Doc. 52).  In an Order dated October 2, 2006, the Court granted Mr. Weston's request to withdraw and granted Unatank leave, until November 2, 2006, to secure new counsel as corporations cannot proceed pro se in federal court. (Doc. 54).  On November 29, 2006, the Court directed Unatank to show cause, by December 11, 2006, for its failure to comply with the Court's October 2, 2006 Order. (Doc. 55).

On January 5, 2007, Plaintiffs filed the instant motion for contempt and requested that Unatank and its president, Alan B. Dinow, be held in contempt for Unatank's failure to comply with Orders of this Court. (Doc. 56).  In an Order dated May 1, 2007 (Doc. 57), Unatank was directed to file a response to Plaintiffs' motion by May 15, 2007.  A copy of the Order was mailed to Alan B. Dinow, via certified mail, at two different addresses; however, in both instances, the mail was returned as undeliverable.

On February 29, 2008 (Doc. 60), the undersigned issued an

Order granting the motion to compel and directing Unatank to fully respond to Plaintiffs' post-judgment discovery by March 12, 2008, to file a notice of service of its response to Plaintiffs' post judgment discover by March 12, 2008, and to show cause, by March 12, 2008, why it should not be held in contempt. Unatank's copy of the Order, which was sent to its address of record, was returned as undeliverable on March 18, 2008. (Doc. 61).

Rule 37(b) of the Federal Rules of Civil Procedure provides that a district court may impose sanctions for failure to comply with discovery orders. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 695, 102 S. Ct. 2099, 2100, 72 L. Ed. 492 (1982); see Fed.R.Civ.P. 37(b). One of the sanctions a district court may impose under Rule 37 is "an order treating as contempt of court the failure to obey any orders." Fed.R.Civ.P. 37(b). "Courts ... have embraced an inherent contempt authority" that encompasses the ability to impose civil and criminal contempt. Int'l Union, UMW v. Bagwell, 512 U.S. 821, 830, 114 S. Ct. 2552, 2559, 129 L. Ed. 2d 642 (1994). "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.'" Id. at 827-28, 114 S.Ct. at 2557 (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S. Ct. 492, 498, 55 L. Ed. 797 (1911). Civil contempt "may be imposed in an ordinary civil proceeding upon

notice and an opportunity to be heard." Id.  A finding of a failure to comply with discovery orders is a finding of civil contempt. Id. at 833, 114 S. Ct. at 2560.

A finding of civil contempt--that is, willful disregard of the authority of this Court--must be supported by clear and convincing evidence. Georgia Power Co. v. NLRB, 484 F.3d 1288, 1290 (11th Cir. 2007); Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1296 (11th Cir. 2002). The clear and convincing evidence must establish that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000).

The record in this case demonstrates by clear and convincing evidence that following the entry of judgment against Defendant Unatank, it has repeatedly failed to comply with the Court's post-judgment Orders and has also failed to keep the Court apprised of its correct mailing address.  As a result, at this juncture, it appears that nothing short of a finding of contempt will suffice. Accordingly, the undersigned recommends that Defendant Unatank be held in contempt.  While Plaintiffs have also requested that Alan B. Dinow, president of Unatank, also be held in contempt, the record does not reflect that he has received actual notice of the Court's post-judgment Orders.  In the absence of actual notice, the undersigned declines to recommend a contempt finding as to Mr.

Dinow.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

**DONE** this **the 31st day of March, 2008.**

                                        **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**