IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHEET METAL WORKERS LOCAL 441,** )<br>**HEALTH & WELFARE FUND, et al.,** )<br>            )<br>    **Plaintiffs,** )<br>            )<br>**v.** )<br>            )<br>**UNATANK CORPORATION, INC.,** )<br>            )<br>    **Defendant.** ) | **CIVIL ACTION NO. 05-0228-CG-B** |

## ORDER

This matter is before the court on the Report and Recommendation of the Magistrate Judge, dated March 31, 2008 (Doc. 62), plaintiffs' objection thereto (Doc. 66), and plaintiffs' motion to supplement their objection with the affidavit of Kimberly C. Walker (Doc. 69). The Magistrate Judge recommended that plaintiffs' motion for contempt (Doc. 56) be granted with respect to defendant Unatank Corporation, Inc., and be denied with respect to defendant's corporate officer, Alan B. Dinow. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the Magistrate and finds that plaintiffs' motion for contempt (Doc. 56) should be granted with respect to defendant Unatank Corporation, Inc., and denied with respect to defendant's corporate officer, Alan B. Dinow.

As an initial matter, plaintiffs' motion to supplement (Doc. 69) is **GRANTED** and the court will consider the affidavit of Kimberly C. Walker in support of plaintiffs' motion for contempt.

The motion for contempt concerns defendant's failure to comply with the consent

1

judgment entered in this matter, defendant's failure to respond to post-judgment discovery, defendant's failure to respond to a motion to compel and to submit documentation that it had been served with a copy of a motion to withdraw as it had been directed, and defendant's failure to respond to the court's order directing it to secure new counsel.  The Magistrate Judge recommended that contempt not be granted with respect to Mr. Alan B. Dinow because the record does not reflect that he has received actual notice of the post-judgment orders. (Doc. 62, p. 4).   The Magistrate Judge stated that "[i]n the absence of actual notice, the undersigned declines to recommend a contempt finding as to Mr. Dinow." (Doc. 62, pp. 4-5).  It is this portion of the recommendation to which plaintiffs object.  Notably, there has been no objection filed as to the Magistrate's recommendation that contempt be granted as to Unatank Corporation, Inc.

To rebut the Magistrate's conclusion that there was no evidence that Mr. Dinow received actual notice, plaintiffs now offer the affidavit of Kimberly C. Walker.   Ms. Walker states that she is the attorney of record for plaintiffs in this matter and that on April 30, 2008, she received a telephone call at her office from Mr. Dinow. (Doc. 62, Attachment #1).   According to Ms. Walker, Mr. Dinow stated in the telephone conversation "that he had received service of documents filed with the Court by Plaintiffs via certified mail at his residence at **55 Eagle Chase, Woodbury, New York, 11797**." (Id. emphasis in original).   Ms. Walker states that the only documents plaintiffs sent to Dinow at the Woodbury address include plaintiffs' statement of objection to the Magistrate's recommendation with supporting brief and attachments and copies of court documents from the United States District Court for the District of New Jersey, showing service of court documents on Mr. Dinow, a/k/a Alan Dinowitz, in other litigation. (Id.).  Mr.

Dinow further confirmed that the Woodbury, New York, address is his current and correct address for service. (Id.)

Plaintiffs cite case law which hold that officers or corporate employees may be held in contempt regarding injunctions or other orders directed at a corporation. See Wilson v. United States, 221 U.S. 361, 376 (1911) ("If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt."); United States v. Hochschild, 977 F.2d 208 (6th Cir. 1992) (allowing personal jurisdiction for contempt over officers or corporate employees if they have notice of the injunction and its contents). However, these cases base their holding on the fact that the corporate officer received notice of the order with which they failed to comply.

In the instance case, there is still no evidence that Mr. Dinow received actual notice of the post-judgment orders on which the motion for contempt is based. Plaintiffs have only presented evidence that Mr. Dinow received notice of plaintiffs' objection to the Magistrate's recommendation. Although, Mr. Dinow did not follow up with any response to that objection or any objection of his own, neither he, nor Unatank Corporation, Inc., was ordered to do so. Mr. Dinow received the pleadings after plaintiffs moved for contempt and after the Magistrate's recommendation, and the court presumes Dinow has no objection to the Magistrate's conclusion that contempt should be denied as to Mr. Dinow. Review of the record shows that the court has not sent any documents to defendant or Mr. Dinow at the Woodbury, New York, address and that mail from the court to other addresses on file has been returned as undeliverable. The court notes that Mr. Dinow signed the motion for consent judgment as the Secretary for Unatank

Corporation, Inc.  Thus, Dinow was presumably aware of at least the likelihood that the consent judgment would be entered when defendant defaulted in its obligations under the settlement agreement.[1]  However, a finding of civil contempt must be supported by clear and convincing evidence.  Georgia Power Co. v. NLRB, 484 F.3d 1288, 1290 (11th Cir. 2007).  Even assuming there is sufficient evidence Dinow had notice of the consent judgment, there must also be clear and convincing  evidence that the alleged violator had the ability to comply with the order. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000).   There is no evidence that Mr. Dinow, by virtue of being Secretary of Unatank Corporation, Inc., had the ability to comply with, or rather to ensure that Unatank Corporation, Inc. would comply with, the consent judgment.  Therefore, the court finds that there is no clear and convincing evidence to support civil contempt against Mr. Dinow.

Therefore, the court adopts the Magistrate's recommendation and grants plaintiffs' motion for civil contempt as to Unatank Corporation, Inc. only.  The question remains as to what fine should be imposed against Unatank Corporation, Inc.  Plaintiffs' motion requests that the court impose a monetary fine in the same amount as the judgment against Unatank, $53, 793.13. "Civil contempt is designed to force the contemnor to comply with an order of the court." Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 207, 119 S.Ct. 1915, 1921, 144 L.Ed.2d 184 (1999) (citation omitted).  A sanction for civil contempt should be remedial, and for the benefit of the complainant. Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137, 1147

---

[1] In February 2006, the parties entered into a settlement agreement which provided that in the event that Unatank defaults in its obligations under the settlement agreement and such default remains uncured as specified in the settlement agreement, Unatank acknowledges that plaintiffs are entitled to file the Consent Judgment, signed by Unatank simultaneously with the settlement agreement. (Doc. 42, Ex. 1 to Ex. A).

(11th Cir. 2006).  "District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt." <u>McGregor v. Chierico</u>,  206 F.3d 1378, 1385 n. 5 (11th Cir. 2000) (citation omitted).  "The sanctions may serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate a party for losses suffered as a result of the contemnor's act." <u>Id.</u> (citations omitted).  The court finds that a fine in the amount of the judgment entered in this case would be excessive for either purpose.  "Where compensation is intended, ... [s]uch fine must of course be based upon evidence of complainant's actual loss..." <u>United States v. United Mine Workers of America</u>, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947) (footnote omitted).  Plaintiffs have presented no evidence concerning their actual losses resulting from  defendant's delay in complying with the consent judgment and other orders of this court.  Thus, the court finds it appropriate to fine defendant only for the purpose of coercing defendant to comply with the court's orders.  The court finds that a fine in the amount of $300 per day, payable to plaintiffs, should be imposed until defendant complies with the consent judgment.  Until such time as defendant has complied with the consent judgment, the court will also impose an additional daily fine of $200, payable to plaintiffs, until defendant has complied with this court's other orders, by obtaining counsel and fully responding to plaintiffs' post-judgment discovery.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a <u>de novo</u> determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge is **ADOPTED** as the opinion of this court.  It is **ORDERED** that plaintiffs' motion for contempt (Doc. 56) is

**GRANTED** with respect to defendant Unatank Corporation, Inc., and **DENIED** with respect to Alan B. Dinow.   Unatank Corporation, Inc. is hereby **ORDERED** to pay plaintiffs a **FINE** of **$300.00** for each day the consent judgment remains unpaid, beginning with the date of this order. Defendant is **FURTHER ORDERED** to pay plaintiff an additional fine of **$200.00** for each day that both the consent judgment remains unpaid and defendant has failed to comply with this court's other orders by obtaining counsel and fully responding to plaintiffs' post-judgment discovery.  The **total daily fine is $500.00** until compliance is obtained as specified above.

The **Clerk** is **DIRECTED** to add Alan B. Dinow, at 55 Eagle Chase, Woodbury, New York, 11797, to this case for notice purposes.  This order should be sent to Mr. Dinow by certified mail, return receipt requested.

**DONE and ORDERED** this 19th day of May, 2008.

          /s/   Callie V. S. Granade          
CHIEF UNITED STATES DISTRICT JUDGE